1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11  JOHN DOE, by and through his
    Guardian Ad Litem, NICOLASA
12  GONZALES,
                                    NO. CIV. 2:09-245 WBS DAD
13              Plaintiff,
                                    MEMORANDUM AND ORDER RE:
14       v.                         MOTION TO DISMISS AND STRIKE

15  BUTTE VALLEY UNIFIED SCHOOL
    DISTRICT, EDWARD TRAVERSO,
16  GRAYCE KELLY,

17              Defendants.
    _____/
18

19                        ----oo0oo----

20          Plaintiff John Doe brought this action through his

21  guardian ad litem, Nicolasa Gonzales, because two students at

22  Picard Day School allegedly sexually molested and harassed him.

23  Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6),

24  and 12(f), defendants Butte Valley Unified School District

25  ("Butte Valley"), Edward Traverso, and Grayce Kelly now move to

26  dismiss or, alternatively, strike allegations from plaintiff's

27  Third Amended Complaint (TAC).

28  ///

                                1

I.    Factual and Procedural Background

Plaintiff is a minor and a student at Picard Day School, which is within the Butte Valley School District.  (TAC ¶ 3.)  At all times relevant to plaintiff's lawsuit, Kelly was plaintiff's teacher at Picard Day School and Traverso was the superintendent of Butte Valley.  (Id. ¶¶ 3-4.)  While plaintiff was attending school, two other minor students ("Moes 1 and 2") allegedly sexually molested and harassed plaintiff "over a period of weeks in February and March 2008."  (Id. ¶ 6(d).)

Prior to the alleged sexual molestation and harassment of plaintiff, Moes 1 and 2 allegedly sexually molested other students on a school bus and on school property.  After filing a claim with Butte Valley pursuant to the Government Claims Act, Cal. Gov't Code § 945.4, plaintiff initiated this action against Butte Valley, Traverso, and Kelly for damages based on the alleged conduct of Moes 1 and 2.

Plaintiff filed his original Complaint on January 27, 2009, and amended it as a matter of course the following day.  After receiving leave from the court, plaintiff filed a Second Amended Complaint and the TAC on January 30, 2009, and February 24, 2009, respectively.  In his TAC, plaintiff alleges a civil rights claim pursuant to 42 U.S.C. § 1983 against all defendants for violations of plaintiff's rights under the Equal Protection Clause, a sexual discrimination claim pursuant to 20 U.S.C. § 1681(a) ("Title IX") against Butte Valley only, and a state law negligence claim against all defendants.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants now move to dismiss plaintiff's TAC,

2

contending that 1) Butte Valley and Traverso are not subject to suit under § 1983; 2) all three defendants are immune from liability on plaintiff's negligence claim; 3) plaintiff failed to comply with the Government Claims Act as to Traverso; and 4) the TAC does not state cognizable § 1983, Title IX, and negligence claims.  Alternatively, defendants move to strike specific allegations from plaintiff's TAC pursuant to Rule 12(f).  If the court grants any part of defendants' motion, plaintiff requests leave to file a fourth amended complaint, which defendants oppose.

II. <u>Discussion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss prior to issuing a scheduling order, Rule 15(a) "advises the court that 'leave shall be freely given when justice so requires,'" and the court should grant leave under Rule 15(a) "'with extreme liberality.'"  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052

(9th Cir. 2003). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a <u>presumption</u> under Rule 15(a) in favor of granting leave to amend." <u>Id.</u> Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Id.</u> Although plaintiff has already filed four complaints in this action, the case has been pending for less than three months and defendants have failed to show that they will suffer prejudice if plaintiff is allowed to file a fourth amended complaint. Accordingly, upon dismissing any claims, the court must grant plaintiff leave to amend his TAC unless the futility of amendment merits dismissing a claim with prejudice.

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law." <u>Wilkerson v. Butler</u>, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (O'Neill, J.). When ruling on a motion to strike, the court must view the challenged pleadings in the light most favorable to the pleader. <u>See</u> <u>Pillsbury, Madison & Sutro v. Lerner</u>, 31 F.3d 924, 928 (9th Cir. 1994). Motions to strike are generally disfavored and "should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." <u>Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.</u>, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001) (Wanger, J.).

4

A.   Section 1983 Claim

While § 1983 is not itself a source of substantive rights, it provides a cause of action against any "person" who, under color of state law, deprives an individual of federal constitutional or statutory rights. 42 U.S.C. § 1983; Graham v. Connor, 490 U.S. 386, 393-94 (1989). States and arms of the states that have "traditionally enjoyed Eleventh Amendment immunity" do not constitute "persons" under § 1983 and therefore are "not subject to suit under § 1983 in either federal or state court." Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 365 (1990). To determine whether a particular state entity, such as a local school district, is an arm of the state, a court must examine "the nature of the entity created by state law." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 281 (1977); see also Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 250-51 (9th Cir. 1992) (applying the "multi-factored balancing test summarized in Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1988)," and examining the factors "in light of the way [state] law treats the governmental agency").

"Unlike most states, California school districts have budgets that are controlled and funded by the state government rather than the local districts." Belanger, 963 F.2d at 251. Based primarily on California's "centralized control of school funding," the Ninth Circuit has held that California local school districts are arms of the state for purposes of Eleventh Amendment immunity. Because this conclusion is dependent on the state law of California, neither the Ninth Circuit's reasoning

nor its holding in <u>Belanger</u> is discredited by the Supreme Court's
conclusion that local school districts created under the laws of
a different state are not arms of that state.[1]  Accordingly,
because Butte Valley is an arm of the state that is traditionally
immune from suit under the Eleventh Amendment, it is not a
"person" subject to suit under § 1983.  The court must therefore
dismiss plaintiff's § 1983 claim against Butte Valley with
prejudice.

     While a state officer sued in his official capacity for
damages is also not a "person" under § 1983, a state officer sued
in his official capacity for injunctive relief or in his
individual capacity for damages is a "person" subject to § 1983
liability.  <u>Hafer v. Melo</u>, 502 U.S. 21, 27 (1991).  Although
plaintiff's TAC is silent as to whether Traverso is sued in his
official or individual capacity, plaintiff seeks damages and
therefore can sue Traverso only in his individual capacity.  <u>See</u>
<u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, 1123
(9th Cir. 2007) ("'In many cases, the complaint will not clearly
specify whether officials are sued personally, in their official

_____

     [1]   Plaintiff insists that <u>Belanger</u> is no longer good law
because the Supreme Court has recently recognized that a §
action could be maintained against a Massachusetts school
district.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss 4:3-21
(discussing <u>Fitzgerald v. Barnstable Sch. Comm.</u>, 129 S. Ct. 788,
797 (2009).)  Although the Supreme Court in <u>Fitzgerald</u> did not
address whether the school district was an arm of the state under
Massachusetts law, courts in that state have held that local
school districts are not arms of the state because they "are
generally considered parts of local governments" and local
governments are responsible for school funding and "have general
charge of all public schools."  <u>Braintree Baptist Temple v.</u>
<u>Holbrook Pub. Schs.</u>, 616 F. Supp. 81, 89 (D. Mass. 1984)
(citations omitted); <u>accord</u> <u>Storlazzi v. Bakey</u>, 894 F. Supp. 494,
506 n.9 (D. Mass. 1995).

6

capacity, or both. "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed.'" (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985))).[2]

Nonetheless, while Traverso is subject to suit under § 1983 in his individual capacity, plaintiff concedes that his TAC fails to sufficiently allege a § 1983 claim based on plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 3:17-18; <u>see also id.</u> at 3:12-14 (indicating that plaintiff also intended to assert a violation of his due process rights but failed to do so in his TAC).) The court, therefore, must dismiss, without prejudice, plaintiff's § 1983 claim against Traverso and Kelly pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants also move to strike plaintiff's request for punitive damages. Because "a municipality is immune from punitive damages under 42 U.S.C. § 1983," the court must grant defendants' motion to strike plaintiff's request for an award of punitive damages against Butte Valley. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981). As discussed above, however, plaintiff is suing Traverso and Kelly in their

_____

[2] Defendants mistakenly argue that plaintiff must have sued Traverso in his official capacity because the TAC alleges that Traverso was acting in his official capacity when he committed the alleged violations of § 1983. The Supreme Court has rejected this argument because it is inconsistent with the Court's prior precedent and § 1983's requirement that a defendant be acting "under color of" state law, which is often satisfied by showing that the defendant was acting in his official capacity. <u>Hafer</u>, 502 U.S. at 28-31.

individual capacities only, and thus the court will not strike plaintiff's request for punitive damages against those defendants. Hallstrom v. City of Garden City, 991 F.2d 1473, 1486 (1993).

B. Title IX Claim

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a); see also id. § 1681(a)(1)-(9) (enumerating categories of exceptions that are not relevant in this case). Sexual harassment, including severe student-on-student sexual harassment, can "rise to the level of 'discrimination' actionable under the statute." Davis ex rel. LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 631 (1999).

Although the "express statutory means" of enforcing Title IX is vested with federal agencies, the Supreme Court has held that Title IX is also enforceable through a judicially implied private right of action. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 280-81 (1998). To maintain consistency with the statute's "express system of enforcement," a private "damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." Id. at 290; see also id. (providing that the failure to respond "must

8

amount to <u>deliberate indifference</u> to discrimination") (emphasis added).[3]

When a plaintiff seeks relief under Title IX for harassment by another student, not a teacher or school employee, the plaintiff must also prove that the harassment "is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect." <u>Davis ex rel. LaShonda D.</u>, 526 U.S. at 652. Although a plaintiff need not show "the overt, physical deprivation of access to school resources," an implied damages action under Title IX cannot exist unless the harassment is serious enough to have a "systemic effect" that "undermines and detracts from the victims' educational experience." <u>Id.</u> at 651-52.

With respect to defendants' knowledge, plaintiff alleges only that defendants "knew or should have known" of the alleged sexual molestation and harassment, which is the precise theory of constructive knowledge the Supreme Court has rejected. <u>Gebser</u>, 524 U.S. at 282; <u>accord</u> <u>Davis ex rel. LaShonda D.</u>, 526 U.S. at 642. Without actual knowledge by an "appropriate

---

[3]     Actual knowledge by an appropriate person may not be required if a Title IX claim is based on the official policy of the entity receiving Title IX funds. <u>See</u> <u>Gebser</u>, 524 U.S. at 290 ("Consequently, in cases like this one that do not involve official policy of the recipient entity, we hold that a damages remedy will not lie under Title IX unless [plaintiff proves actual knowledge by an appropriate person] . . . ."). While plaintiff's § 1983 allegations--which are incorporated by reference into his Title IX claim--include allegations of "customs, policies, or practices," plaintiff neither contends that his Title IX claim is based on an alleged official policy nor argues that he does not have to prove actual knowledge by an appropriate person. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 5:12-20.)

person"[4] of conduct that amounts to "a denial of equal access to [Butte Valley's] resources and opportunities," plaintiff's allegations of deliberate indifference are insufficient to state a Title IX claim. <u>Davis ex rel. LaShonda D.</u>, 526 U.S. at 642. 651. Accordingly, because plaintiff fails to plead a cognizable claim giving rise to an implied private remedy under Title IX, the court must dismiss plaintiff's Title IX claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[5]

C. <u>State Law Negligence Claim</u>

The Eleventh Amendment's bar against suing an unconsenting state or arm of the state in federal court applies equally to federal and state law claims. <u>See</u> <u>Durning v. Citibank, N.A.</u>, 950 F.2d 1419, 1422-23 (9th Cir. 1991) ("Although by its terms the Eleventh Amendment only withholds article III jurisdiction from cases predicated upon citizen-state diversity, the Supreme Court has judicially extended its reach to bar federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant--even where jurisdiction is predicated upon a federal question--unless the state has

---

[4] Plaintiff alleges that Traverso was the "superintendent and chief policy maker for" Butte Valley and "had authority to take corrective action." (TAC ¶¶ 3, 6.) Plaintiff also alleges that Kelly "had authority to take corrective action." (<u>Id.</u> ¶ 6.) While defendants contend that a teacher cannot constitute an "appropriate person" under Title IX, the court does not express an opinion on this issue because defendants' motion to strike allegations about Kelly's authority is rendered moot by the court's dismissal of plaintiff's Title IX claim.

[5] Because the court will grant defendants' motion to dismiss plaintiff's § 1983 and Title IX claims, defendants' motion to strike particular allegations in those claims is moot.

10

affirmatively consented to suit."); see also Pena v. Gardner, 976
F.2d 469, 473 & n.6 (9th Cir. 1992) (discussing Pennhurst State
Sch. & Hosp. v. Halderman, 465 U.S. 89, 117-23 (1984)).

As Butte Valley is an arm of the state, Belanger, 963
F.2d at 251, it is protected by the Eleventh Amendment and is
therefore immune from plaintiff's negligence claim in this court.
The Eleventh Amendment does not, however, bar plaintiff's
negligence claim against Traverso because, for the reasons
discussed supra, he is sued only in his individual capacity.
Pena, 976 F.2d at 473 & n.6. Accordingly, the court must grant
defendants' motion to dismiss plaintiff's negligence claim with
prejudice as to Butte Valley and deny it as to Traverso.

In addition to the immunities afforded certain public
entities, California law also requires that public entities be
given notice of potential claims before a plaintiff may initiate
a lawsuit for damages against the entity. Specifically,
California Government Code section 945.4 of the Government Claims
Act[6] requires a plaintiff to submit a claim ("GCA claim") to the
public entity that includes "(1) the names and addresses of the
claimant and the person to whom notices are to be sent, (2) a
statement of the facts supporting the claim, (3) a description of
the injury and the amount claimed as of the time of presentation,
and (4) the name(s) of the public employee(s) who caused the
injury, if known." Loehr v. Ventura County Cmty. Coll. Dist.,

---

[6] Although the Act was traditionally referred to as the
"California Tort Claims Act," the California Supreme Court has
recently concluded that "Government Claims Act" is "a more
appropriate short title." City of Stockton v. Superior Court,
42 Cal. 4th 730, 741-42 (2007).

147 Cal. App. 3d 1071, 1082 (1983) (citing Cal. Gov't Code § 905) (emphasis omitted).

"The purpose of requiring a claim is '"to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."'" <u>County of Los Angeles v. Superior Court</u>, 159 Cal. App. 4th 353, 360 (2008) (quoting <u>Phillips v. Desert Hosp. Dist.</u>, 49 Cal. 3d 699, 705, (1989)). In light of this purpose, the adequacy of a GCA claim is governed by the substantial compliance standard and is sufficient if (1) there is '<u>some</u> compliance with <u>all</u> of the statutory requirements'; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate." <u>Id.</u> (quoting <u>City of San Jose v. Superior Court</u>, 12 Cal. 3d 447, 456-57 (1974)).

While plaintiff submitted a GCA claim to Butte Valley, defendants move to dismiss plaintiff's negligence claim against Traverso because plaintiff failed to include his name in the GCA claim. Although plaintiff omitted Traverso's name, a subject line in the GCA claim identifies Butte Valley, Kelly, and "DOES 1 through 10" as the "Adverse Party." (TAC Ex. 1.) The content of the GCA claim also states, "The teacher, Ms. Grayce Kelly, as well as the Butte Valley Unified School District, <u>its employees and agents</u>, were negligent in allowing these molestations to occur," and Traverso was ultimately sued as the "superintendent and chief policy maker" for Butte Valley. (<u>Id.</u> ¶ 3, Ex. 1 (emphasis added).) Taken together, these statements gave Butte Valley sufficient notice that certain employees who could have

12

1 been involved with or responsible for "allowing these

2 molestations to occur" were unknown to plaintiff and could be

3 named as defendants in the potential lawsuit.

4       Because plaintiff indicated the potential existence of

5 unknown defendants, complied with the claim requirements in all

6 other respects, and gave Butte Valley sufficient notice to allow

7 for early investigation, the court finds that plaintiff's GCA

8 claim is sufficient under the substantial compliance standard.[7]

9 See Newsome v. Schwarzenegger, No. 08-1510, 2009 WL 700455, at *8

10 (E.D. Cal. Mar. 12, 2009) (England, J.) (finding substantial

11 compliance with the Government Claims Act because, even though

12 the GCA claim omitted the names of several defendants, it

13 included defendants' employer, indicated that the claim was also

14 against Does 1-100, and the complaint ultimately alleged that

15 defendants were acting as officers of the employer); see also

16 Adams v. Nocon, No. 07-02083, 2009 WL 799278, at *8-9 (E.D. Cal.

17 Mar. 23, 2009) (Damrell, J.) (finding that GCA claims

18 referencing, without identifying by name, "two other sheriff

19 deputies" and "unknown" deputies substantially complied with the

20 Government Claims Act). Accordingly, the court will deny

21 defendants' motion to dismiss plaintiff's negligence claim

22 against Traverso for failure to comply with the Government Claims

23

24       [7] Defendants' reliance on the late discovery doctrine is

25 misplaced as that doctrine addresses when a cause of action
accrues, not whether a plaintiff's GCA claim has substantially

26 complied with the Government Claims Act. (See Defs.' Reply 4:4-
19 (citing two cases applying the late discovery doctrine to

27 determine when a cause of action accrued and arguing that
plaintiff must show that Traverso's identity could not have been

28 discovered, with the exercise of reasonable diligence, before he
submitted the GCA claim).)

Act.

Although Traverso and Kelly are not immune from suit under the Eleventh Amendment, they may still be entitled to statutory immunity pursuant to California Government Code section 820.2. In relevant part, section 820.2 provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Defendants ask the court to separate the allegations underlying plaintiff's negligence claim into two distinct claims: 1) a negligence claim for "fail[ure] to keep Plaintiff safe"; and 2) a negligence claim for "fail[ure] to take disciplinary action against Moe's 1 and 2." (Defs.' Reply 5:2-7.) Defendants concede that a negligence claim based on the first theory is not subject to immunity under section 820.2. (Defs.' Reply 5:6-8); see, e.g., M.W. v. Panama Buena Vista Union Sch. Dist., 110 Cal. App. 4th 508, 525 (2003); Skinner v. Vacaville Unified Sch. Dist., 37 Cal. App. 4th 31, 39-42 (1995) (upholding a jury verdict in favor of plaintiff based on defendants' failure to warn plaintiff's teacher of a student's violent propensities). With respect to the second theory, defendants contend they are entitled to discretionary immunity and request the court to strike the allegations that defendants "had the authority to take corrective action" and could have segregated Moes 1 and 2 from plaintiff.

Parsing the allegations giving rise to plaintiff's negligence claim in this manner at the pleading stage, however, is premature and ignores the relevance that the allegations at

14

issue may have to plaintiff's negligence claim based on defendants' alleged failure to protect him. <u>Cf.</u> <u>Johnson</u>, 69 Cal. 2d at 791 ("[T]he existence of . . . alternatives facing the employee does not perforce lead to a holding that the governmental unit thereby attains the status of non-liability under section 820.2. These alternatives may well play a major part in the resolution of the substantive question of negligence; they do not, however, dispose of the threshold question of immunity.").[8]

Defendants also move to strike plaintiff's allegations that defendants owed plaintiff certain duties, including a duty to protect plaintiff, a duty to warn plaintiff about Moes 1 and 2, and a duty to segregate Moes 1 and 2 from plaintiff. A district court is not required to comb through all of the

---

[8] The court does not express an opinion at this time on defendants' broad claim of discretionary immunity for decisions about whether to discipline a student. <u>Compare, e.g.</u>, <u>Dailey v. L.A. Unified Sch. Dist.</u>, 2 Cal. 3d 741, 747 (1970) ("California law has long imposed on school authorities a duty to 'supervise at all times the conduct of the children on the school grounds <u>and to enforce those rules and regulations necessary to their protection.</u>'") (emphasis added) <u>and</u> <u>Jones v. Kern High Sch. Dist.</u>, No. 07-1628, 2008 WL 3850802, at *27-28 (E.D. Cal. Aug. 14, 2008) (Wanger, J.) ("[T]he direct and immediate supervision of school children does not involve 'basic policy decisions' or an 'area of quasi-legislative policy making.'"), <u>with</u> <u>Doe ex rel. Doe v. Petaluma City Sch. Dist.</u>, 830 F. Supp. 1560, 1582-83 (N.D. Cal. 1993) (granting immunity for negligent and intentional infliction of emotional distress claims based on defendants' failure to respond to complaints by plaintiff about alleged sexual harassment by other students) <u>and</u> <u>Skinner</u>, 37 Cal. App. 4th at 39 (granting section 820.2 immunity based on defendants' statutorily-vested exercise of discretion not to expel the student who attacked plaintiff). <u>See also</u> <u>Johnson</u>, 69 Cal. 2d at 795 n.8 ("[T]o be entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place. The fact that an employee normally engages in 'discretionary activity' is irrelevant if, in a given case, the employee did not render a considered decision.").

allegations underlying a sufficiently plead claim to assess
whether the plaintiff will ultimately succeed in proving every
allegation or theory. <u>See</u> Fed. R. Civ. P. 12(f) ("The court <u>may</u>
strike from a pleading an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter.") (emphasis
added); <u>Platte Anchor Bolt, Inc. v. IHI, Inc.</u>, 352 F. Supp. 2d
1048, 1057 (N.D. Cal. 2004) ("In most cases, a motion to strike
should not be granted unless 'the matter to be stricken clearly
could have no possible bearing on the subject of the
litigation.'"); <u>In re 2TheMart.com, Inc. Secs. Litig.</u>, 114 F.
Supp. 2d 955, 965 (C.D. Cal. 2000) ("If there is <u>any doubt</u> as to
whether the allegations might be an issue in the action, courts
will deny the motion [to strike].").

IT IS THEREFORE ORDERED that:

(1) defendants' motion to dismiss plaintiff's § 1983
claim with prejudice be, and the same hereby is, GRANTED as to
Butte Valley and DENIED as to Traverso and Kelly;

(2) defendants' motion to dismiss plaintiff's § 1983
claim without prejudice be, and the same hereby is, GRANTED as to
Traverso and Kelly;

(3) defendants' motion to strike plaintiff's request
for punitive damages on his § 1983 claim be, and the same hereby
is, GRANTED as to Butte Valley only;

(4) defendants' motion to dismiss plaintiff's Title IX
claim without prejudice be, and the same hereby is, GRANTED;

(5) defendants' motion to dismiss plaintiff's
negligence claim with prejudice be, and the same hereby is,
GRANTED as to Butte Valley and DENIED as to Traverso and Kelly;

and

(6) defendants' motion to strike allegations in each of plaintiff's claims be, and the same hereby is, DENIED.

Plaintiff has thirty days from the date of this Order to file an amended complaint consistent with this Order.

DATED:  April 27, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE