UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN DOE, by and through his Guardian Ad Litem, NICOLASA GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUTTE VALLEY UNIFIED SCHOOL DISTRICT, EDWARD TRAVERSO, and GRAYCE KELLY,<br><br>　　　　Defendants.<br>_____/ | NO. CIV. 2:09-245 WBS CMK<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO APPROVE MINOR'S COMPROMISE</u> |

----oo0oo----

　　　　Plaintiff John Doe, by and through his Guardian Ad Litem, Nicolasa Gonzales, brought this action alleging violations of plaintiff's Fourteenth Amendment Due Process rights pursuant to 42 U.S.C. § 1983, unlawful sex discrimination under 20 U.S.C. § 1681(a), and negligence against defendants Butte Valley Unified School District ("the District"), Edward Traverso, who was superintendent of the District, and Grayce Kelly, plaintiff's

1

former teacher. (Docket No. 44.) Plaintiff is a seven-year-old male, who was allegedly sexually molested and harassed by at least two different pupils who attended his community day school. (Petersen Decl. ¶¶ 2-3.) Plaintiff's claims all arise out of these alleged acts. Plaintiff, by and through his Guardian Ad Litem, now seeks approval of a compromise entered into with defendants.

In support of plaintiff's motion to compromise plaintiff's counsel has pointed out that all the elements of plaintiff's claims would be extremely difficult to prove and that the likelihood of success in the action was accordingly low. Plaintiff's counsel bases this belief on a consultation with a forensic expert and information brought to attention by defendants' counsel which calls the facts in the complaint into question. (Id. ¶¶ 5-6.) Additionally, both plaintiff's Guardian Ad Litem and counsel, after consulting with plaintiff's psychological counselor, believe that plaintiff's further participation in the lawsuit would be harmful to his emotional health given that plaintiff does not want to talk about the incidents that gave rise to this action. (Id. ¶ 7; Gonzales Decl. ¶¶ 4-5.) Accordingly, the court finds that the proposed settlement is appropriate given plaintiff's questionable likelihood of success on his claims and the probability that further litigation will exacerbate his emotional trauma.

Under the proposed settlement plaintiff will receive $10,000.00. From this sum $1,164.09 will be deducted for

1  attorneys fees,[1] and $7,671.82 will be deducted for costs.
2  Plaintiff's net recovery will therefore be $1,164.09.  The court,
3  having considered all of the papers on file, as well as the
4  testimony at the hearing on this motion, finds that the proposed
5  settlement is reasonable and in the best interests of all
6  parties.

          IT IS THEREFORE ORDERED that plaintiff's motion to
approve minor's compromise be, and the same hereby is, GRANTED.
          IT IS FURTHER ORDERED that:
          (1) Settlement funds received from defendants shall be
disbursed as set forth in the Revised Disbursal Statement in the
errata to Exhibit 1 of the Declaration of Thomas N. Petersen;
          (2) Plaintiff's Guardian Ad Litem, Nicolasa Gonzales,
is hereby authorized to and shall execute all documents
reasonably necessary to carry out the settlement;
          (3) Upon receipt of the settlement funds plaintiff's
Guardian Ad Litem shall deposit plaintiff's settlement funds into
the restricted saving account number 660804186 opened for
plaintiff at Premier West Bank in Dorris, California; and
          (4) No funds shall be withdrawn from plaintiff's
restricted account except upon court order until plaintiff's
///
///
///
///

---

[1]  Petersen's original fee agreement with Gonzales provides for a contingency fee of 25%.  Petersen agreed to reduce his fee to 11.6% to ensure that plaintiff would receive some compensation.  (Petersen Decl. ¶ 9.)

3

eighteenth birthday, at which time plaintiff may withdraw said funds upon receipt of proof of plaintiff's age by the bank.

DATED:  November 24, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4